**WO**                                                                                                                                  MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael David Lendahl, ) | No. CV 07-2003-PHX-MHM (MHB) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Warden Palosaari, et al., ) | |
| Respondents. ) | |

Petitioner Michael David Lendahl, who is confined in the Arizona State Prison Complex - Douglas in Douglas, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*. The Court will require an answer to the Petition.

**I.      Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.     Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR-2005-124257-001-DT, of second-degree burglary and was sentenced to a 7-year term of imprisonment. In

**TERMPSREF**

his Petition, Petitioner names Warden Palosaari as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises six grounds for relief.

In Ground One, Petitioner contends that he was denied his Fourteenth Amendment right to due process because he was arraigned for burglary of a particular residence—the Glen Rosa property—but was convicted of burglarizing a completely different residence—the Hummingbird property. In Ground Two, Petitioner alleges he was denied his Fourteenth Amendment right to due process and his Eighteenth Amendment right to be free from unlawful incarceration.[1] He claims his conviction and incarceration for burglarizing the Hummingbird property are illegal because the Glen Rosa property was the property that had been burglarized and, therefore, he was convicted of a crime that "never occurred."

In Ground Three, Petitioner asserts a violation of his Fourteenth Amendment due process rights because (1) the trial court failed to ensure that Petitioner was "entering plea to the right charge and crime"; (2) Petitioner was told by his attorney that he could not withdraw from the plea agreement "even though he was being convicted of a crime that never happened"; and (3) the "sentencing judge aggravated [the] sentence without any factors in aggravation being charged, pled, or proven." In Count Four, Petitioner contends he was denied his Sixth Amendment right to the effective assistance of counsel.

In Ground Five, Petitioner claims he was denied his Fourteenth Amendment right to due process because his sentence was aggravated "without his case being heard by a jury." He claims he was never informed of his right to a trial on the aggravating factors and, therefore, his waiver of the right to a jury trial was not knowing and voluntary. In Ground Six, Petitioner alleges he was denied his Fourteenth Amendment right to due process because the sentencing judge aggravated Petitioner's sentence without the aggravating factors being charged, pled, or proven.

Petitioner alleges his claims have been presented to the Arizona Court of Appeals. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

---

[1] The Eighteenth Amendment prohibited the manufacture, sale, transportation, importation, and exportation of intoxicating liquors and was repealed by the Twenty-First Amendment.

**III.    Warnings**

      **A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

      **B.    Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

      **C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Petitioner's Application to Proceed *In Forma Pauperis*, filed with the Petition, is **granted**.

(2)    The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3)    Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.

Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4) Petitioner may file a reply within 30 days from the date of service of the answer.

(5) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 6th day of November, 2007.

_____
Mary H. Murguia
United States District Judge