**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael David Lendahl, | CIV 07-2003-PHX-MHM (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Warden Palosaari, et al., | |
| Respondents. | |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

Petitioner Michael David Lendahl, who is confined in the Arizona State Prison Complex – Douglas in Douglas, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) in which he challenges his state court convictions. Respondents filed an Answer (Doc. #9) on January 17, 2008, and Petitioner filed a Reply on March 27, 2008 (Doc. #13).

**BACKGROUND**

On August 9, 2005, Petitioner was charged by direct complaint with one count of Burglary in the Second Degree, a Class 3 felony, and one count of Forgery, a Class 4 felony. (Doc. #9, Exh. A.) On August 15, 2005, Petitioner pled guilty to Burglary in the Second Degree, a Class 3 felony. (Doc. #9, Exhs. B-E.) On September 12, 2005, the trial court sentenced him to an aggravated term of seven years' imprisonment in the Arizona Department of Corrections. (Doc. #9, Exhs. F-G.)

On October 6, 2005, Petitioner filed his Notice of Post-Conviction Relief. (Doc. #9, Exh. H.) After his appointed counsel filed a Notice of Completion of Post-Conviction

Review by Counsel, stating that she could find no claims for relief to file on Petitioner's behalf, (Doc. #9, Exh. I), Petitioner filed his *Pro-Per* Petition for Post-Conviction Relief on August 7, 2006. (Doc. #9, Exh. J.)

In his petition, he alleges that he stands "convicted of a crime that never occurred" and claims ineffective assistance of counsel for: (a) allowing "proceedings to continue without objection after being informed of the wrong information and location of the alleged burglary"; (b) failing "to notify [Petitioner] that he had a right to a jury finding regarding any alleged factors in aggravation of sentence"; (c) informing Petitioner "that he could not withdraw his plea of guilty ... even though several paragraphs of the plea agreement [mentioned] being able to withdraw plea"; (d) failing "to object to the use of [Petitioner's] prior record in direct violation of the plea agreement"; and (e) failing "to inform the court that the cover page of the probation presentence report ... was actually recommending sentence based on a Class 5 felony – not a Class 3, which would carry a substantially lesser sentence." (Doc. #9, Exh. J at 4-6.) Additionally, Petitioner asserts that "it was an abuse of the trial court's discretion to enhance the sentence and failed to say on the record what factors in aggravation had been alleged, charged and proven allowing it to enhance sentence." (Doc. #9, Exh. J at 6-8.) The State, subsequently, filed a response, (Doc. #9, Exh. K), and Petitioner filed a reply. (Doc. #9, Exh. L.)

Thereafter, the trial court dismissed Petitioner's petition. (Doc. #9, Exh. M.) Petitioner then filed a Petition for Review with the Arizona Court of Appeals alleging the following claims:

> 1. Whether the trial court arraigned Petitioner for the crime he stands convicted of.
>
> 2. Whether [Petitioner's] conviction for burglary of 6220 E. Hummingbird, Paradise Valley, Az. is legal due to the fact that 6220 E. Hummingbird, Paradise Valley, Az. was not the residence reported to Phoenix Police Department as having been burglarized.
>
> 3. Whether the trial court erred in accepting [Petitioner's] plea when the court had the police report and direct complaint/information showing different addresses for the burglarized residence.

  4. Whether [Petitioner] can be legally convicted of burglarizing a completely different residence only because both of the residences are owned by the same individual.

  5. Whether [Petitioner's] attorney was ineffective when she read incorrect information into the record and instructed [Petitioner] to plead guilty.

  6. Whether [Petitioner's] attorney was ineffective when she allowed proceedings to continue without [Petitioner] being arraigned for burglary of 6220 E. Hummingbird, Paradise Valley, Az.

  7. Whether [Petitioner's] attorney was ineffective when she failed to advise [Petitioner] that he had a right to a jury trial on aggravating factors in support of an aggravated prison term.

  8. Whether [Petitioner's] attorney was ineffective when she erroneously advised him that he could not withdraw from plea agreement before sentencing.

  9. Whether [Petitioner] had a right to withdraw from his plea agreement.

  10. Whether [Petitioner] knowingly and voluntarily waived his right to jury trial or aggravating factors.

  11. Whether [Petitioner's] sentencing violated the United State Supreme Court's holdings in Apprendi and Blakely and the Arizona Supreme Court's holding in Henderson.

(Doc. #9, Exh. O at 2-4.)  The State filed a response, (Doc. #9, Exh. P), and on October 2, 2007, the Arizona Court of Appeals denied review.  (Doc. #9, Exh. Q.)

  Petitioner then timely filed his Petition for Writ of Habeas Corpus on October 16, 2007.  (Doc. #1.)  In his Petition, he raises the following claims:

  In Ground I, Petitioner contends that he was denied his Fourteenth Amendment right to due process because he was arraigned for burglary of a particular residence – the Glen Rosa property – but was convicted of burglarizing a completely different residence – the Hummingbird property.  (Doc. #1 at 5.)

  In Ground II, Petitioner alleges he was denied his Fourteenth Amendment right to due process and his Eighteenth Amendment right to be free from unlawful incarceration.[1]  (Doc. #1 at 6.)  He claims his conviction and incarceration for burglarizing the Hummingbird

---

[1] The Eighteenth Amendment prohibited the manufacture, sale, transportation, importation, and exportation of intoxicating liquors and was repealed by the Twenty-First Amendment.

- 3 -

1 property are illegal because the Glen Rosa property was the property that had been
2 burglarized and, therefore, he was convicted of a crime that never occurred. (Doc. #1 at 6.)
3      In Ground III, Petitioner asserts a violation of his Fourteenth Amendment due process
4 rights because: (1) the trial court failed to ensure that Petitioner was "entering plea to the
5 right charge and crime" and erred in accepting a plea for a crime that never occurred; (2)
6 Petitioner was told by his attorney that he could not withdraw from the plea agreement "even
7 though he was being convicted of a crime that never happened"; and (3) the "sentencing
8 judge aggravated [the] sentence without any factors in aggravation being charged, pled, or
9 proven." (Doc. #1 at 7.)
10      In Ground IV, Petitioner contends he was denied his Sixth Amendment right to the
11 effective assistance of counsel. (Doc. #1 at 8.)
12      In Ground V, Petitioner claims he was denied his Fourteenth Amendment right to due
13 process because his sentence was aggravated "without his case being heard by a jury." (Doc.
14 #1 at 9.) He contends he was never informed of his right to a trial on the aggravating factors
15 and, therefore, his waiver of the right to a jury trial was not knowing and voluntary. (Doc.
16 #1 at 9.)
17      In Ground VI, Petitioner alleges he was denied his Fourteenth Amendment right to
18 due process because the sentencing judge aggravated Petitioner's sentence without the
19 aggravating factors being charged, pled, or proven. (Doc. #1 at 10.)

20 **DISCUSSION**

21      In their Answer, Respondents contend that with the exception of Ground IV – subpart
22 3, all of the claims presented in Petitioner's habeas petition are procedurally defaulted. (Doc.
23 #9 at 8-17.) As to Ground IV – subpart 3, in which Petitioner alleges that he was denied his
24 Sixth Amendment right to the effective assistance of counsel when his attorney failed to
25 inform him that he had a right to a jury trial on any aggravating factors, Respondents concede
26 that Petitioner exhausted his state court remedies, but argue that Petitioner cannot prevail on
27 the merits. (Doc. #9 at 13-15.)
28 ///

**A.    Exhaustion and Procedural Default**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. See O'Sullivan v. Boerckel, 526 U.S. 838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

Proper exhaustion requires a petitioner to have "fairly presented" to the state courts the exact federal claim he raises on habeas by describing the operative facts and federal legal theory upon which the claim is based. See, e.g., Picard v. Connor, 404 U.S. 270, 275-78 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."). A claim is only "fairly presented" to the state courts when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court.").

A "general appeal to a constitutional guarantee," such as due process, is insufficient to achieve fair presentation. Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518 U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005) ("Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because its factual basis was presented to the state courts on state law grounds – a "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Shumway, 223 F.3d at 987-88 (quotations omitted); see Picard, 404 U.S. at 275-77.

1   Even when a claim's federal basis is "self-evident," or the claim would have been
2   decided on the same considerations under state or federal law, a petitioner must still present
3   the federal claim to the state courts explicitly, "either by citing federal law or the decisions
4   of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations
5   omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32
6   (2004) (claim not fairly presented when state court "must read beyond a petition or a brief
7   ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).

8   If a petition contains claims that were never fairly presented in state court, the federal
9   court must determine whether state remedies remain available to the petitioner. See Harris
10  v. Reed, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring); Rose v. Lundy, 455 U.S.
11  509, 519-20 (1982). If remedies are still available in state court, the federal court may
12  dismiss the petition without prejudice pending the exhaustion of state remedies. See id.
13  However, if the court finds that the petitioner would have no state remedy were he to return
14  to the state court, then his claims are considered procedurally defaulted. See Teague v. Lane,
15  489 U.S. 288, 298-99 (1989); White v. Lewis, 874 F.2d 599, 602-05 (9th Cir. 1989). The
16  federal court will not consider these claims unless the petitioner can demonstrate that a
17  miscarriage of justice would result, or establish cause for his noncompliance and actual
18  prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S.
19  722, 750-51 (1991); Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

20  Pursuant to the "cause and prejudice" test, a petitioner must point to some external
21  cause that prevented him from following the procedural rules of the state court and fairly
22  presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can
23  show that some objective factor external to the defense impeded [the prisoner's] efforts to
24  comply with the State's procedural rule. Thus, cause is an external impediment such as
25  government interference or reasonable unavailability of a claim's factual basis." Robinson
26  v. Ignacio, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted).
27  Ignorance of the State's procedural rules or other forms of general inadvertence or lack of
28  legal training and a petitioner's mental condition do not constitute legally cognizable "cause"

1  for a petitioner's failure to fairly present his claim. Regarding the "miscarriage of justice,"
2  the Supreme Court has made clear that a fundamental miscarriage of justice exists when a
3  Constitutional violation has resulted in the conviction of one who is actually innocent. See
4  Murray, 477 U.S. at 495-96.

**1.    Ground I**

In Ground I, Petitioner contends that he was denied his Fourteenth Amendment right to due process because he was arraigned for burglary of a particular residence – the Glen Rosa property – but was convicted of burglarizing a completely different residence – the Hummingbird property. (Doc. #1 at 5.) In his Petition for Post-Conviction Relief, Petitioner alleges that he was "convicted of a crime that never occurred" and claims ineffective assistance of counsel for several reasons. (Doc. #9, Exh. J at 4-6.) Additionally, Petitioner states that the trial court abused its discretion by enhancing his sentencing. (Doc. #9, Exh. J at 6-8.) Petitioner never raised a claim that he was denied his Fourteenth Amendment right to due process because he was arraigned for burglary of a particular residence, but was convicted of burglarizing a completely different residence – until his Petition for Review to the Arizona Court of Appeals. (Doc. #9, Exh. O at 2-4, 10-11.)

Since Petitioner failed to raise this claim in his Petition for Post-Conviction Relief, he did not fairly present it to the state court. While Petitioner did raise this claim in his Petition for Review, the presentation of a claim for the first time to an appellate court with discretionary review does not constitute fair presentation. See Casey v. Moore, 386 F.3d 896, 915-19 (9th Cir. 2004). By failing to fairly present this claim in state court, Petitioner has failed to exhaust his state court remedies. Moreover, Petitioner would no longer have a remedy if he returned to the state court to present this claim. See Teague, 489 U.S. at 297-99; Ariz.R.Crim.P. 32.2 and 32.4(a). As a result, this claim is procedurally defaulted. Since this claim is procedurally defaulted, and because Petitioner has failed to prove cause and prejudice, or the existence of a fundamental miscarriage of justice to excuse the default, the Court will recommend that this claim be denied.

///

### 2.     Ground II

In Ground II, Petitioner asserts that he was denied his Fourteenth Amendment right to due process and his Eighteenth Amendment right to be free from unlawful incarceration. (Doc. #1 at 6.) He claims his conviction and incarceration for burglarizing the Hummingbird property are illegal because the Glen Rosa property was the property that had been burglarized and, therefore, he was convicted of a crime that never occurred. (Doc. #1 at 6.) Petitioner, however, did not fairly present this alleged denial of his Fourteenth Amendment rights to the state court because he did not raise this claim in either his Petition for Post-Conviction Relief or his Petition for Review. (Doc. #9, Exhs. J at 4-6; O at 2-4.)  As previously stated, a petitioner must present a federal claim to the state courts explicitly, either by citing to federal law or to a federal court decision. See Lyons, 232 F.3d at 668. Petitioner did neither here.

Petitioner has failed to exhaust his state court remedies, and he would no longer have a remedy if he returned to the state court to present this claim. See Teague, 489 U.S. at 297-99; Ariz.R.Crim.P. 32.2 and 32.4(a). As such, this claim is procedurally defaulted. Because this claim is procedurally defaulted, and since Petitioner has failed to prove cause and prejudice, or the existence of a fundamental miscarriage of justice to excuse the default, the Court will recommend that this claim be denied.

### 3.     Ground III

In Ground III, Petitioner alleges a violation of his Fourteenth Amendment due process rights because:  (1) the trial court failed to ensure that Petitioner was "entering plea to the right charge and crime" and erred in accepting a plea for a crime that never occurred; (2) Petitioner was told by his attorney that he could not withdraw from the plea agreement "even though he was being convicted of a crime that never happened"; and (3) the "sentencing judge aggravated [the] sentence without any factors in aggravation being charged, pled, or proven." (Doc. #1 at 7.) The Court has addressed the first part of this claim in Ground II. As for Petitioner's claim that his rights were violated because his attorney told him he could not withdraw from his plea agreement, that claim is included in Ground IV and addressed

below. Finally, Petitioner's claim that the trial court wrongly aggravated his sentence is included in Ground VI addressed below.

**4.     Ground IV**

In Ground IV, Petitioner contends he was denied his Sixth Amendment right to the effective assistance of counsel. (Doc. #1 at 8.) Specifically, Petitioner argues that (1) his attorney "read incorrect information into the factual record and instructed [him] to plead guilty"; (2) his attorney "allowed proceedings to continue without [Petitioner] being arraigned for burglary of 6220 E. Hummingbird, Paradise Valley, AZ"; (3) his attorney "never explained that he had a right to a jury trial on aggravating factors"; (4) his attorney "told him he could not withdraw his guilty plea even though he was being convicted of a crime that never occurred"; and (5) his attorney for his post-conviction proceedings had a "conflict of interest ... due to her having previously been an Assistant Attorney General for State of Arizona."[2]  (Doc. #1 at 8.)

The record reveals that Petitioner did raise claims of ineffective assistance of counsel in his Petition for Post-Conviction Relief. He alleges ineffective assistance of counsel for: (a) allowing "proceedings to continue without objection after being informed of the wrong information and location of the alleged burglary"; (b) failing "to notify [Petitioner] that he had a right to a jury finding regarding any alleged factors in aggravation of sentence"; (c) informing Petitioner "that he could not withdraw his plea of guilty ... even though several paragraphs of the plea agreement [mentioned] being able to withdraw plea"; (d) failing "to object to the use of [Petitioner's] prior record in direct violation of the plea agreement"; and (e) failing "to inform the court that the cover page of the probation presentence report ... was actually recommending sentence based on a Class 5 felony – not a Class 3, which would carry a substantially lesser sentence." (Doc. #9, Exh. J at 4-6.)

In his Petition for Review, however, Petitioner argued that his attorney was ineffective for: (a) "read[ing] incorrect information into the record and instruct[ing] [Petitioner] to plead

---

[2] Ground IV – subpart 3 will be addressed in the Court's Merits Analysis within this Recommendation.

- 9 -

1  guilty"; (b) "allow[ing] proceedings to continue without [Petitioner] being arraigned for
2  burglary of 6220 E. Hummingbird, Paradise Valley, Az"; (c) "fail[ing] to advise [Petitioner]
3  that he had a right to a jury trial on aggravating factors in support of an aggravated prison
4  term"; and (d) "advis[ing] [Petitioner] him that he could not withdraw from [his] plea
5  agreement before sentencing." (Doc. #9, Exh. O at 2-4.)

6        Ground IV – subpart 1 consists of Petitioner's claim that his attorney wrongly read
7  information into the record and instructed him to plead guilty. Because Petitioner did not
8  raise this claim in his Petition for Post-Conviction Relief, he did not fairly present it to the
9  state court. See, e.g., Picard, 404 U.S. at 275-78 ("[W]e have required a state prisoner to
10 present the state courts with the same claim he urges upon the federal courts."). Since
11 returning to state court would be futile under Arizona's procedural rules, this claim is
12 procedurally defaulted. See Teague, 489 U.S. at 297-99, Ariz.R.Crim.P. 32.2 and 32.4(a).
13 Because this claim is procedurally defaulted, and because Petitioner has failed to prove cause
14 and prejudice, or the existence of a fundamental miscarriage of justice to excuse the default,
15 the Court will recommend that this claim be denied.

16       Subpart 2 consists of Petitioner's claim that his attorney "allowed proceedings to
17 continue without [Petitioner] being arraigned for burglary of 6220 E. Hummingbird, Paradise
18 Valley, AZ." Again, Petitioner did not raise this specific claim in his Petition for Post-
19 Conviction Relief, and thus it was not fairly presented to the state court. See, e.g., Picard,
20 404 U.S. at 275-78. Since a return to state court would be futile under Arizona's procedural
21 rules, this claim is procedurally defaulted. See Teague, 489 U.S. at 297-99, Ariz.R.Crim.P.
22 32.2 and 32.4(a). Because this claim is procedurally defaulted, and because Petitioner has
23 failed to prove cause and prejudice, or the existence of a fundamental miscarriage of justice
24 to excuse the default, the Court will recommend that this claim be denied.

25       In subpart 4, Petitioner argues that his attorney provided ineffective assistance of
26 counsel by telling "him he could not withdraw his guilty plea even though he was being
27 convicted of a crime that never occurred." In his Petition for Post-Conviction Relief,
28 however, Petitioner argued that he received ineffective assistance of counsel when his

1 counsel informed him "that he could not withdraw his plea of guilty ... even though several
2 paragraphs of the plea agreement [mentioned] being able to withdraw plea." (Doc. #9, Exh.
3 J at 5-6.) In his Petition for Review, Petitioner claimed ineffective assistance when his
4 attorney "advised him that he could not withdraw from [his] plea agreement before
5 sentencing." (Doc. #9, Exh. O at 3.) Thus, Petitioner did not present the specific claim set
6 forth in his habeas petition to the state court and, as such, did not fairly present it. See, e.g.,
7 Picard, 404 U.S. at 275-78. Moreover, because a return to state court would be futile under
8 Arizona's procedural rules, the claim is procedurally defaulted. See Teague, 489 U.S. at 297-
9 99; Ariz.R.Crim.P. 32.2 and 32.4(a). Because this claim is procedurally defaulted, and
10 because Petitioner has failed to prove cause and prejudice, or the existence of a fundamental
11 miscarriage of justice to excuse the default, the Court will recommend that this claim be
12 denied.

13   Finally, subpart 5 consists of Petitioner's claim that his attorney for his post-
14 conviction proceedings had a "conflict of interest ... due to her having previously been an
15 Assistant Attorney General for State of Arizona." Petitioner did not raise this claim in his
16 Petition for Post-Conviction Relief, and has thus failed to fairly present it to the state court.
17 See, e.g., Picard, 404 U.S. at 275-78. Further, because a return to state court would be futile
18 under Arizona's procedural rules, the claim is procedurally defaulted. See Teague, 489 U.S.
19 at 297-99, Ariz.R.Crim.P. 32.2 and 32.4(a).

20   Although Petitioner claims that he did not raise this alleged conflict of interest
21 previously because he was unaware of it, he provides no reason why he could not have
22 learned of this information earlier, and thus no reason why he would be allowed to present
23 this claim in state court in a subsequent petition for post-conviction relief. See
24 Ariz.R.Crim.P. 32.1 (e) (to bring claim of newly discovered evidence, petitioner must show
25 that he "exercised due diligence in securing the newly discovered facts.") Moreover,
26 Petitioner has not attempted to establish cause and prejudice sufficient to allow him to bring
27 this claim, or the existence of a fundamental miscarriage of justice to excuse the default.
28 Thus, the Court will recommend that this claim be denied.

**5.     Ground V**

In Ground V, Petitioner claims he was denied his Fourteenth Amendment right to due process because his sentence was aggravated "without his case being heard by a jury." (Doc. #1 at 9.) He asserts he was never informed of his right to a trial on the aggravating factors and, therefore, his waiver of the right to a jury trial was not knowing and voluntary. (Doc. #1 at 9.)

In his Petition for Post-Conviction Relief, Petitioner argues that "it was an abuse of the trial court's discretion to enhance the sentence and failed to say on the record what factors in aggravation had been alleged, charged and proven allowing it to enhance sentence." (Doc. #9, Exh. J at 6-8.) Accordingly, Petitioner did not raise the claim alleged in his habeas petition until his Petition for Review to the Arizona Court of Appeals. (Doc. #9, Exh. O at 3, 8.) The presentation of a claim for the first time to an appellate court with discretionary review does not constitute fair presentation. See Casey, 386 F.3d at 915-19. By failing to fairly present this claim in state court, Petitioner has failed to exhaust his state court remedies. Furthermore, Petitioner would no longer have a remedy if he returned to the state court to present this claim. See Teague, 489 U.S. at 297-99; Ariz.R.Crim.P. 32.2 and 32.4(a). As a result, this claim is procedurally defaulted. Because this claim is procedurally defaulted, and because Petitioner has failed to prove cause and prejudice, or the existence of a fundamental miscarriage of justice to excuse the default, the Court will recommend that this claim be denied.

**6.     Ground VI**

In Ground VI, Petitioner alleges he was denied his Fourteenth Amendment right to due process because the sentencing judge aggravated Petitioner's sentence without the aggravating factors being charged, pled, or proven. (Doc. #1 at 10.)

In his Petition for Post-Conviction Relief, Petitioner asserts that "it was an abuse of the trial court's discretion to enhance the sentence and failed to say on the record what factors in aggravation had been alleged, charged and proven allowing it to enhance sentence." (Doc. #9, Exh. J at 6-8.) Petitioner's argument and case citations on this issue,

however, deal with his right to be advised of the right to a jury trial on the aggravators, and the requirement of a knowing and voluntary waiver of that right. (Doc. #9, Exh. J at 6-8.) Not until his Petition for Review did Petitioner argue that the trial court erred by not having a jury find the aggravating factors. (Doc. #9, Exh. O at 3, 8-10.) Even then, Petitioner provided no argument or case citations for the proposition that the trial court erred by finding an aggravating factor that had not been charged or pled. (Doc. #9, Exh. O at 3, 8-10.) See Lyons, 232 F.3d at 668. Thus, Petitioner did not fairly present this claim to the state court. By failing to fairly present this claim in state court, Petitioner has failed to exhaust his state court remedies. Additionally, Petitioner would no longer have a remedy if he returned to the state court to present this claim. See Teague, 489 U.S. at 297-99; Ariz.R.Crim.P. 32.2 and 32.4(a). As such, this claim is procedurally defaulted. Because this claim is procedurally defaulted, and because Petitioner has failed to prove cause and prejudice, or the existence of a fundamental miscarriage of justice to excuse the default, the Court will recommend that this claim be denied.

**B.     Merits Analysis**

   **1.     AEDPA Standard of Review**

Pursuant to the AEDPA[3], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ... ." Robinson, 360 F.3d at 1055.

---

[3] Antiterrorism and Effective Death Penalty Act of 1996.

- 13 -

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. "A state court's decision can involve an 'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).

### 2. Ineffective Assistance of Counsel

In Ground IV – subpart 3, Petitioner contends he was denied his Sixth Amendment right to the effective assistance of counsel. (Doc. #1 at 8.) Specifically, Petitioner argues that his attorney "never explained that he had a right to a jury trial on aggravating factors." (Doc. #1 at 8.)

The two-prong test for establishing ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 687-88.

Regarding the performance prong, a reviewing court engages a strong presumption that counsel rendered adequate assistance, and exercised reasonable professional judgment in making decisions. See id. at 690. "[A] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Bonin v. Calderon, 59 F.3d 815, 833 (9th Cir. 1995) (quoting Strickland, 466 U.S. at 689). Moreover, review of counsel's performance under Strickland is "extremely limited": "The test has nothing to do with what the best lawyers would have

done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." Coleman v. Calderon, 150 F.3d 1105, 1113 (9th Cir.), judgment rev'd on other grounds, 525 U.S. 141 (1998). Thus, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690.

If the prisoner is able to satisfy the performance prong, he must also establish prejudice. See id. at 691-92; see also Smith v. Robbins, 528 U.S. 259, 285 (2000) (burden is on defendant to show prejudice). To establish prejudice, a prisoner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." Id. A court need not determine whether counsel's performance was deficient before examining whether prejudice resulted from the alleged deficiencies. See Robbins, 528 U.S. at 286. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. (quoting Strickland, 466 U.S. at 697).

Here, the record establishes both that Petitioner's attorney acted reasonably and that Petitioner could not have suffered any prejudice even if his attorney did not. First, the record demonstrates that Petitioner's attorney discussed the waiver of his right to a jury trial with him prior to his guilty plea. Petitioner avowed by initialing paragraph ten and signing the plea agreement that "I have discussed the case and my constitutional rights with my lawyer." (Doc. #9, Exh. B at 2.) Petitioner also informed the trial court that he had read the plea agreement, placed his initials next to the numbered paragraphs, signed the plea agreement, and had discussed it with his attorney before he did so. (Doc. #9, Exh. D at 4.)

The record also establishes that Petitioner was fully informed of his right to a jury trial and waived that right, and thus could have suffered no prejudice even if his attorney failed to discuss the matter with him. The plea agreement indicated that Petitioner waived his right

to a jury trial at sentencing and agreed to judicial factfinding by a preponderance of the evidence as to any aspect or enhancement of his sentence. (Doc. #9, Exh. B at 2.) Paragraph seven of the plea agreement explicitly explained that "the defendant consents to judicial factfinding by preponderance of the evidence as to any aspect or enhancement of sentence ... ." (Doc. #9, Exh. B at 2.) And paragraph ten of the plea agreement stated that "I understand that by pleading <u>GUILTY</u> I will be waiving and giving up my right ... to a trial by jury to determine guilt and to determine any fact used to impose a sentence ... ." (Doc. #9, Exh. B at 2) (emphasis original.)

At the change of plea hearing, the trial court also explained this right to Petitioner, who waived it:

> THE COURT: In Paragraph 7 of your plea agreement, you consented to judicial fact finding by a preponderance of the evidence as to any aspect or enhancements of sentence. That paragraph also tells me making the sentencing determination, the Court is not bound by the rules of evidence. Do you understand that?
>
> THE DEFENDANT: Yes.

(Doc. #9, Exh. D at 8-9.)

Accordingly, the Court finds that the state court's decision regarding Petitioner's ineffective assistance of counsel claim was not contrary to clearly established federal law or based on an unreasonable determination of the facts. The state court's decision is consistent with <u>Strickland</u>. The Court will, therefore, recommend that Petitioner's ineffective assistance of counsel claim be denied.

## CONCLUSION

Having determined that, with the exception of Ground IV – subpart 3, all of the claims presented in Petitioner's habeas petition are procedurally defaulted, and that Ground IV – subpart 3, fails on the merits, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed.R.Civ.P. 72.

DATED this 27th day of August, 2008.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge