**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael David Lendahl, | ) | No. CV 07-2003-PHX-MHM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Warden Palosaari, | ) | |
| Respondent. | ) | |

        Petitioner Michael David Lendahl, who is confined in the Arizona State Prison Complex in Douglas, Arizona, filed a <u>pro se</u> Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 16, 2007, in which he challenges his state court conviction. (Doc. #1) This matter was referred to Magistrate Judge Michelle H. Burns, who issued a Report and Recommendation on August 28, 2008, recommending that the Court deny the Petition and dismiss it with prejudice. (Doc. #14) On September 15, 2008, Petitioner filed his objections to the Report and Recommendation. (Doc. #15)

I.    BACKGROUND

        The relevant facts of the case, as related by Magistrate Judge Burns, are as follows. On August 9, 2005, Petitioner was charged by direct complaint with one count of Burglary in the Second Degree, a Class 3 felony, and one count of Forgery, a Class 4 felony. (Doc. #9, Exh. A.) On August 15, 2005, Petitioner pled guilty to Burglary in the Second Degree,

1    a Class 3 felony. (Doc. #9, Exhs. B-E.) On September 12, 2005, the trial court sentenced Petitioner to an aggravated term of seven years' imprisonment in the Arizona Department of Corrections. (Doc. #9, Exhs. F-G.)

       On October 6, 2005, Petitioner filed his Notice of Post-Conviction Relief. (Doc. #9, Exh. H.) After his appointed counsel filed a Notice of Completion of Post-Conviction Review by Counsel, stating that she could find no claims for relief to file on Petitioner's behalf, (Doc. #9, Exh. I), Petitioner filed his pro se Petition for Post-Conviction Relief on August 7, 2006. (Doc. #9, Exh. J.)

       In his Petition, Petitioner alleges that he stands "convicted of a crime that never occurred" and claims ineffective assistance of counsel for: (a) allowing "proceedings to continue without objection after being informed of the wrong information and location of the alleged burglary"; (b) failing "to notify [Petitioner] that he had a right to a jury finding regarding any alleged factors in aggravation of sentence"; (c) informing Petitioner "that he could not withdraw his plea of guilty . . . even though several paragraphs of the plea agreement [mentioned] being able to withdraw plea"; (d) failing "to object to the use of [Petitioner's] prior record in direct violation of the plea agreement"; and (e) failing "to inform the court that the cover page of the probation presentence report . . . was actually recommending sentence based on a Class 5 felony – not a Class 3, which would carry a substantially lesser sentence." (Doc. #9, Exh. J at 4-6.) Additionally, Petitioner asserts that "it was an abuse of the trial court's discretion to enhance the sentence and failed to say on the record what factors in aggravation had been alleged, charged and proven allowing it to enhance sentence." (Doc. #9, Exh. J at 6-8.) The State subsequently filed a Response, (Doc. #9, Exh. K), and Petitioner filed a Reply. (Doc. #9, Exh. L.)

       Thereafter, the trial court dismissed Petitioner's Petition. (Doc. #9, Exh. M.) Petitioner then filed a Petition for Review with the Arizona Court of Appeals alleging the following claims:

       1. Whether the trial court arraigned Petitioner for the crime for which he stands convicted.

2. Whether [Petitioner's] conviction for burglary of 6220 E. Hummingbird, Paradise Valley, AZ is legal due to the fact that 6220 E. Hummingbird, Paradise Valley, AZ was not the residence reported to Phoenix Police Department as having been burglarized.

3. Whether the trial court erred in accepting [Petitioner's] plea when the court had the police report and direct complaint/information showing different addresses for the burglarized residence.

4. Whether [Petitioner] can be legally convicted of burglarizing a completely different residence only because both of the residences are owned by the same individual.

5. Whether [Petitioner's] attorney was ineffective when she read incorrect information into the record and instructed [Petitioner] to plead guilty.

6. Whether [Petitioner's] attorney was ineffective when she allowed proceedings to continue without [Petitioner] being arraigned for burglary of 6220 E. Hummingbird, Paradise Valley, AZ.

7. Whether [Petitioner's] attorney was ineffective when she failed to advise [Petitioner] that he had a right to a jury trial on aggravating factors in support of an aggravated prison term.

8. Whether [Petitioner's] attorney was ineffective when she erroneously advised him that he could not withdraw from the plea agreement before sentencing.

9. Whether [Petitioner] had a right to withdraw from his plea agreement.

10. Whether [Petitioner] knowingly and voluntarily waived his right to a jury trial on aggravating factors.

11. Whether [Petitioner's] sentencing violated the United State Supreme Court's holdings in <u>Apprendi</u> and <u>Blakely</u> and the Arizona Supreme Court's holding in <u>Henderson</u>.

(Doc. #9, Exh. O at 2-4.)  The State filed a response, (Doc. #9, Exh. P), and on October 2, 2007, the Arizona Court of Appeals denied review.  (Doc. #9, Exh. Q.)

Petitioner then timely filed his Petition for Writ of Habeas Corpus in this court on October 16, 2007.  (Doc. #1.)  In his Petition, he raises the following claims:

In Ground I, Petitioner contends that he was denied his Fourteenth Amendment right to due process because he was arraigned for burglary of a particular residence – the Glen

- 3 -

1  Rosa property – but was convicted of burglarizing a completely different residence – the
2  Hummingbird property.[1]  (Doc. #1 at 5.)

3         In Ground II, Petitioner alleges he was denied his Fourteenth Amendment right to due
4  process and his Eighteenth Amendment right to be free from unlawful incarceration.[2]  (Doc.
5  #1 at 6.)  He claims his conviction and incarceration for burglarizing the Hummingbird
6  property are illegal because the Glen Rosa property was the property that had been
7  burglarized and, therefore, he was convicted of a crime that never occurred.  (Doc. #1 at 6.)

8         In Ground III, Petitioner asserts a violation of his Fourteenth Amendment due process
9  rights because:  (1) the trial court failed to ensure that Petitioner was "entering plea to the
10 right charge and crime" and erred in accepting a plea for a crime that never occurred; (2)
11 Petitioner was told by his attorney that he could not withdraw from the plea agreement "even
12 though he was being convicted of a crime that never happened"; and (3) the "sentencing
13 judge aggravated [the] sentence without any factors in aggravation being charged, pled, or
14 proven."  (Doc. #1 at 7.)

15        In Ground IV, Petitioner contends he was denied his Sixth Amendment right to the
16 effective assistance of counsel.  (Doc. #1 at 8.)

17        In Ground V, Petitioner claims he was denied his Fourteenth Amendment right to due
18 process because his sentence was aggravated "without his case being heard by a jury." (Doc.
19 #1 at 9.)  He contends he was never informed of his right to a trial on the aggravating factors
20 and, therefore, his waiver of the right to a jury trial was not knowing and voluntary.  (Doc.
21 #1 at 9.)

---

[1] The victim owns both residences.  The addresses of both residences were listed in the initial Phoenix Police Department Report.  (Doc. #13, Exh. I)

[2] The Eighteenth Amendment prohibited the manufacture, sale, transportation, importation, and exportation of intoxicating liquors and was repealed by the Twenty-First Amendment.

- 4 -

In Ground VI, Petitioner alleges he was denied his Fourteenth Amendment right to due process because the sentencing judge aggravated Petitioner's sentence without the aggravating factors being charged, pled, or proven. (Doc. #1 at 10.)

## II. STANDARD OF REVIEW

The district court must review the magistrate judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc); see 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

## III. DISCUSSION

The Court has considered the pleadings and documents of record in this case and agrees with the Magistrate Judge that the Petition should be denied and dismissed with prejudice. In opposition to the Magistrate Judge's Report and Recommendation, the Petitioner has filed several objections (Doc. # 15), which the Court has reviewed de novo. Upon such review, the Court finds the Petitioner's arguments to be unpersuasive. The Court will address those objections now.

### A. The Report and Recommendation's Factual Background

Petitioner first objects to the "Background" section of the Report and Recommendation, alleging that it is "not accurate" and "does not contain the entire case history." Petitioner offers the following additional information:

> Petitioner was arrested on August 5, 2005 and arraigned on August 6, 2005 for 1 count burglary - a class 3 felony; 1 count trafficking stolen property, a class 2 felony; and 19 counts forgery, class 4 felony; the burglary being that of 3002 E. Glen Rosa, Phoenix, Arizona, as evidenced by the Phoenix Police Depart[ment] Report Number 2005 51309492 (Petitioner's Reply Exhibit I), and court filings of August 6, 2005 (Petitioner's Reply Exhibit A); Court information sheet (Petitioner's Reply Exhibit B), all of which verify the address of the alleged burglary and what charges he was arraigned for.

1 (Doc. #15 at 2)  The Court notes that it has reviewed this information, which is contained in
2 the record, and considered it in reaching its decision to adopt the Report and
3 Recommendation.

      **B.**    **Ground I**

5       Petitioner claims that he "did indeed alert the state courts at both the Superior Court
6 and Court of Appeals level to the fact of Constitutional violation issues."  Petitioner asserts
7 that "although [his] claims may not have been worded 'exactly' the same at each level, the
8 fact that essentially the same claim was indeed raised should qualify as having exhausted his
9 state court remedies."

10       As noted in the Report and Recommendation, in his Petition for Post-Conviction
11 Relief, Petitioner alleged that he was "convicted of a crime that never occurred." (Doc. #9,
12 Exh. J at 4).  Petitioner never raised a claim that he was denied his Fourteenth Amendment
13 right to due process because he was arraigned for burglary of a particular residence but was
14 convicted of burglarizing a completely different residence until his Petition for Review to the
15 Arizona Court of Appeals.  (Doc. #9, Exh. O at 2-4, 10-11)  Even when a claim's federal
16 basis is "self-evident," or the claim would have been decided on the same considerations
17 under state or federal law, a petitioner must still present the federal claim to the state courts
18 explicitly, "either by citing federal law or the decisions of federal courts."  Lyons v.
19 Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (amended by 247 F.3d 904 (9th Cir. 2001))
20 (quotations omitted); see Baldwin v. Reese, 541 U.S. 27, 32 (2004) (claim not fairly
21 presented when state court "must read beyond a petition or a brief . . . that does not alert it
22 to the presence of a federal claim" to discover implicit federal claim).  Accordingly, because
23 Petitioner did not present an explicit federal claim at the Superior Court level, his objection
24 is without merit.

      **C.**    **Ground II**

26       In objecting to the Magistrate Judge's recommendation with respect to the claims
27 raised in Ground II, Petitioner states that he "did not know that he had to allege U.S.
28 Constitutional violations for each claim raised in state court" and that "by raising both the

- 6 -

1   6th and 14th Amendment issues somewhere in each state court level" he believed he had
2   fulfilled this requirement. Petitioner's mistaken belief does not excuse him from the
3   requirement that a petitioner must explicitly present the federal claim to the state courts at
4   each stage of the Rule 32 proceedings, "either by citing federal law or the decisions of
5   federal courts." Lyons, 232 F.3d at 668.

6   Petitioner further argues that "pro se litigants' pleadings are to be construed liberally
7   and held to less stringent standards than formal pleadings drafted by lawyers." While the
8   court has a duty to construe pro se pleadings liberally, Hamilton v. United States, 67 F.3d
9   761, 764 (9th Cir. 1995), a liberal interpretation of a habeas petition may not supply a federal
10  claim where one was not initially stated, see Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
11  Cir. 1982). Accordingly, the Court finds no merit in Petitioner's objection with respect to
12  Ground II.

13  **D.   Ground III**

14  Petitioner states that he "disagrees with the Report and Recommendation insofar as
15  this claim being addressed in other claims but will concede to this."

16  **E.   Ground IV, Subparts 1, 2, 4, and 5**

17  Petitioner argues that he indeed alerted the state courts to his 6th Amendment
18  ineffective assistance of counsel claims and argues, as he did in his earlier pleadings, that the
19  Comment to Arizona Rule of Criminal Procedure 32.6(c) instructs the court to consider
20  claims that are "lurking in the background." For the reasons stated above, the Court finds
21  no merit in his argument. Furthermore, with respect to each of the subparts listed above,
22  Petitioner advances the same arguments in his objections as those he presented in his Habeas
23  Corpus Petition and Reply. Accordingly, the Court finds that Petitioner does not present any
24  new grounds warranting relief.

25  **F.   Ground IV, Subpart 3**

26  Petitioner states that he "is willing to concede on this part of the claim."

27
28

**G.     Ground V**

Petitioner argues that his claim regarding aggravation of his sentence "may not have been worded the same at each level," but that they "essentially [] were the same." As noted above, a petitioner must explicitly present the federal claim to the state courts at each stage of the Rule 32 proceedings. The presentation of a claim for the first time to an appellate court with discretionary review does not constitute fair presentation, and therefore Petitioner has failed to exhaust his state court remedies. Accordingly, the Court finds no merit in Petitioner's objection with respect to Ground V.

**H.     Ground VI**

With respect to this ground, Petitioner argues, as he did previously, that "pro se litigants' pleadings are to be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers." As discussed above, while the court has a duty to construe pro se pleadings liberally, see Hamilton, 67 F.3d at 764, a liberal interpretation of a habeas petition may not supply a federal claim where one was not initially stated, see Ivey, 673 F.2d at 268. Accordingly, the Court finds no merit in Petitioner's objection with respect to Ground VI.

Accordingly, based on the foregoing,

**IT IS ORDERED** adopting the Report and Recommendation of the Magistrate Judge. (Doc. #14)

**IT IS FURTHER ORDERED** denying the Petition for Writ of Habeas Corpus. (Doc. #1)

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 10th day of February, 2009.

*/s/ Mary H. Murguia*
Mary H. Murguia
United States District Judge